## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LARRY PAUL TAFOYA,

      Petitioner,

v.                                       CIV  NO. 06-360 JH/ACT

JAMES JANECKA, Warden,

      Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Respondent's Motion to Dismiss the Petition for a Writ of Habeas Corpus. [Doc. No. 7].  The United States Magistrate Judge, having reviewed the Petition and its exhibits, the Motion to Dismiss and the Memorandum in Support, and the Answer and its accompanying Exhibits, recommends that the Motion to Dismiss be GRANTED because the Petition is time-barred.  The Court also finds that even if the Petition were not time-barred, that the Petition is a mixed petition containing exhausted and unexhausted claims and should be dismissed because it is procedurally defaulted.  The Court further finds that the procedurally defaulted Petition should be not reviewed because the Petitioner is unable to show cause for the default and actual prejudice or a fundamental miscarriage of justice.

<u>PROPOSED FINDINGS</u>

<u>PROCEEDINGS AND PLEADINGS</u>

1. Petitioner is currently incarcerated in a New Mexico correctional facility under a Judgment, Order and Commitment of the Eighth Judicial District Court, County of Taos, State of New Mexico.  (Answer, Exhibit A).  Petitioner is proceeding *pro se* and *in forma pauperis*.

2. Petitioner was convicted, after a jury trial, of Murder in the First Degree (Depraved Mind), Leaving the Scene of an Accident Involving Death, Reckless Driving, and Driving While License Suspended on November 19, 2001 in cause numbered 2001-98 CR. (Answer, Exhibit A). Sentence was imposed the same day and entered of record on February 27, 2002.  The facts of the case, while not relevant to the Court's findings, are related in the New Mexico Supreme Court's unpublished opinion, <u>State v. Tafoya</u>, No. 27,354 filed June 30, 2004, attached as Exhibit Q to the Respondent's Answer.

3.  Petitioner was sentenced to a term of life on the Depraved Mind Murder conviction, three years plus an additional one year due to aggravating circumstances (four years total) on the Leaving the Scene conviction, ninety days on the Reckless Driving conviction and three hundred sixty-four days on the Suspended License conviction. The sentences are running concurrently and will be followed by a term of parole.  (Answer, Exhibit A).

4. Petitioner timely filed his Notice of Appeal and appealed his conviction directly to the Supreme Court of New Mexico under Rule 12-102(A)(1) NMRA 2004, which directs that appeals from a sentence of life imprisonment are taken to the Supreme Court.  (Answer, Exhibits B and C).

5. In his appeal Petitioner raised one issue:  whether there was sufficient evidence to

support his conviction for first degree depraved mind murder.  (Answer, Exhibit C).  While his

appeal was pending, Petitioner's counsel received evidence of possible juror misconduct and juror

bias.   Petitioner's appellate counsel received permission to hold the appeal in abeyance while

counsel pursued a Motion for New Trial based on the alleged juror bias and misconduct.

(Answer, Exhibits E through I).

      6.   Petitioner, through counsel, moved for a new trial.  The District Court Judge received

full briefing on the issue and held an evidentiary hearing.  Nonetheless, the District Court Judge

denied the Motion for New Trial on January 6, 2003. (Answer, Exhibits J through M).

      7.   The appeal process resumed and briefing was completed in October, 2003.  (Answer,

Exhibits N, O and P).   Appellate counsel abandoned the issue of ineffective assistance of counsel

initially raised in the Statement of Issues on Appeal. (Answer, Exhibits C, J and M).

      8.   The Supreme Court of New Mexico affirmed Petitioner's conviction.  After reviewing

the evidence presented at trial, the Court held that there was sufficient evidence from which a

rational jury could find that the Petitioner's acts were the result of a depraved mind and that his

acts caused the victim's death. (Answer, Exhibit Q).

      9.   The New Mexico Supreme Court issued its opinion on June 30, 2004. (Answer,

Exhibit Q).

      10.   Petitioner did not file a Writ of Certiorari to the United States Supreme Court.

      11.   Proceeding *pro se*, Petitioner filed a Petition for a Writ of Habeas Corpus to the trial

court on July 14, 2005.  (Answer, Exhibit S). He raised three claims - ineffective assistance of trial

counsel, judicial bias and fundamental error.  Under his ineffective assistance of trial counsel

claim, he raised five arguments:

a.  failure to investigate Petitioner's beliefs that members of the jury venire had prior contact and relationships with the Petitioner, with Petitioner's family and with the family of the victim as well as with the trial court judge;

b.  failure to retain an expert witness to dispute the prosecution's expert witnesses and their version of the accident;

c.  failure to pursue pre-trial motions for a change in venue and to dismiss the indictment because Petitioner should only have been charged with vehicular homicide;

d.  failure to effectively impeach witnesses including the state's accident reconstruction experts; and

e.  the cumulative effect of trial counsel's errors.

Petitioner supported his claim of judicial bias with an assertion that the trial judge failed to reveal her potential bias by not revealing to the defense that she was acquainted with the victim. Petitioner supported his claim of fundamental errors with the same evidence that had been presented to the trial judge in Petitioner's Motion for a New Trial, the allegations by an alternate juror of jury bias.

12.  The trial judge, New Mexico District Court Judge Peggy Nelson, denied the Petition on July 27, 2005.  She wrote that she read, with interest, all points raised in support of Petitioner's requested relief but noted that each of the points had been "thoroughly considered in other proceedings, including during trial, in a Motion for New Trial, and on appeal to the New Mexico Supreme Court. " She found that Petitioner had raised no new issues, that the Petition was without merit and that the Petitioner was not entitled to his requested relief as a matter of law. (Answer, Exhibit T).

4

13.  Petitioner filed a Writ of Certiorari in the state Supreme Court on August 12, 2005, raising the same three issues and supporting arguments.  The Petition was denied on August 25, 2005.  (Answer, Exhibits U and V).

14.  Petitioner, again proceeding *pro se*, filed a second state Petition for the Writ of Habeas Corpus on October 24, 2005.  (Answer, Exhibit W). This time he raised twelve claims:

a.  whether the District Court Judge abused her discretion and created prejudice by deliberately injecting prejudicial facts before the jury when neither the identification of the victim nor the circumstances causing the death were an issue;

b.  whether the District Court Judge abused her code of conduct by not excusing herself because she was acquainted with the victim;

c.  whether the District Court Judge abused her discretion by not allowing Petitioner to review his presentence report depriving Petition of his due process rights to allocution;

d.  whether the District Court Judge violated her code of conduct by allowing charges to go before a jury when the crucial element of the offense of depraved mind murder was not present, violating Petitioner's due process rights;

e.  whether the prosecutor violated his code of conduct by improperly appealing to community conscience and by saying that Petitioner had a depraved mind, creating prejudice in the minds of the jurors;

f.  whether the prosecutor's comments to the jury about depraved mind constituted reversible errors when the essential component for depraved mind murder was not proven;

g.  whether the prosecutor violated his code of duty by instructing the jury on a proposition of law not supported by the evidence;

5

h.  whether the jury was biased when a juror was allowed to serve who was prejudiced against the Petitioner;

i.  whether juror bias constituted reversible errors depriving Petitioner of a fair and impartial trial;

j.  whether trial counsel was ineffective because he allowed such a miscarriage of justice and prejudice to be conducted as the record in this case displays;

k.  whether trial counsel was ineffective because Petitioner was allowed only one counsel to represent him in a capital murder case contrary to the laws requiring two counsel to represent a client; and

l.  whether the District Court Judge created prejudice against the Petitioner by submitting New Mexico UJI # 9.

15.  The District Court Judge denied the Petition on October 27, 2005.  The Judge wrote that she "once again, read, with interest, all points raised" but found that each of the points raised had been thoroughly considered in other proceedings and decided adversely to the Petitioner. She also noted that she had disclosed to counsel and the Petitioner, on the record, that she had once hired the decedent for a small job at her home, that she was not home during the time the work was being done, and that otherwise she had no contact or connection to the decedent.  She had invited counsel to raise any objection with her continuing to act as presiding judge but noted that none had been raised.  In conclusion, she found that the Petition was without merit and that Petitioner was not entitled to habeas corpus relief.

16.  Petitioner filed a Writ of Certiorari in the state Supreme Court but re-wrote his claims, raising seven claims.  Some of the claims were wholly new and some reiterated, to some

6

degree, claims brought forth in second state Petition for the Writ of Habeas Corpus. (Answer, Exhibit Y). The seven claims presented to the New Mexico Supreme Court were:

    a. whether the District Court Judge should have recused herself due to bias;

    b. whether the District Court Judge erred in failing to conduct an evidentiary hearing on the Petition for the Writ of Habeas Corpus;

    c. whether Petition's constitutional rights were violated because the District Court Judge failed to hold an evidentiary hearing on the issues presented in the Petition;

    d. whether the District Court Judge erred and the prosecutor maliciously prosecuted Petitioner when the charge of depraved mind murder was presented to the jury when an essential element of the charge was not proven;

    e. whether trial counsel was ineffective because Petitioner was allowed only one counsel to represent him in a capital murder case contrary to the laws requiring two counsel to represent a client in a capital murder case;

    f. whether the State created a conflict by appointing counsel for the Petitioner and paying counsel through the District Attorney's office and whether both the prosecutor and Petitioner's defense counsel created bias by allowing the charge of depraved mind murder to be presented to the jury when an essential element of the charge was not proven; and

    g. whether the District Court Judge denied Petitioner due process by denying Petitioner's First Amendment rights to address the Court on the claims he has brought forth in his Petition.

    17. The New Mexico Supreme Court denied the Petition on December 6, 2005. (Answer, Exhibit Z).

    18. This federal Petition for the Writ of Habeas Corpus followed on May 1, 2006. [Doc.

7

No. 1].  Instead of listing his claims, Petitioner attached his two state court Petitions for the Writ of Habeas Corpus thereby incorporating all fifteen claims, the sub-claims, the supporting evidence and the supporting arguments raised previously.

18.  Respondents answered and moved to dismiss the Petition on several grounds: 1) that the Petition is barred by the one year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2244(d)(1); 2) that the Petition contains both exhausted and unexhausted claims and therefore should be dismissed; and 3) that the Petition fails to state any claims upon which relief could be granted. [Doc. Nos. 7, 8 and 9].

## PETITION  IS TIME BARRED

19.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a state prisoner who brings a Petition for the Writ of Habeas Corpus in federal court must file the Petition within a one year period.   The Act states that "the limitation period shall run from the latest of  - (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244 (d)(1).

20.  The one year statue of limitations is tolled only for the period(s) of time when Petitioner has a properly filed post conviction application for collateral review pending in the state courts.  28 U.S.C. §2244 (d)(2).

21.  In this case, Petitioner had properly pending post conviction applications for collateral review pending in state courts on two different occasions and therefore had two tolled periods. The first tolled time period ran from July 19, 2005, the date that Petitioner filed his first state Petition for the Writ of Habeas Corpus until August 25, 2005, when the New Mexico Supreme

Court denied the Petition. The second tolled period began on October 24, 2005, when Petition filed his second state Petition for the Writ of Habeas Corpus, until the New Mexico Supreme Court denied the second petition on December 6, 2005.

Nonetheless, even with the tolled periods of time, the Petition was filed too late. Petitioner's conviction was affirmed by the New Mexico Supreme Court on June 30, 2004. For the purposes of computing the date on which his conviction became final or the expiration of time for seeking direct review, Petitioner had ninety days to file a certiorari petition in the United State Supreme Court, or until September 30, 2004. Thus, Petitioner's one year time limitation began to run on September 30, 2004 .

22. The time period between the date his conviction became final and first tolled period, from September 30, 2004 to July 19, 2005 was nine months and nineteen days. The time period from the first tolled period until the second tolled period, August 25, 2005 to October 24, 2005, was two months. Thus, by the time the Petitioner's second state petition for the Writ of Habeas Corpus had been through the state courts, on December 6, 2005, eleven months and nineteen days of the one year time limitation had already passed.

23. Petitioner waited until May 1, 2006 to file his federal petition for the Writ of Habeas Corpus, four months and twenty six days after December 6, 2005. By the time this federal petition was filed, approximately sixteen months and fifteen days of untolled time had passed since Petitioner's conviction became final or the time for seeking direct review had expired. Thus, Petitioner filed his federal petition for the Writ of Habeas Corpus approximately four months and fifteen days after his one year time limitation of the AEDPA had passed. The Court finds that this petition is time-barred.

24.  Petitioner failed to respond to the Respondent's argument that this Petition is time-barred.  There were no facts in the Petition or the Exhibits that suggest that the doctrine of equitable tolling would be applicable.  <u>Gibson v. Klinger,</u> 232 F. 3d 799, 808 (10th Cir. 2000).  The Court finds that the doctrine of equitable tolling does not apply to this time-barred petition.

<u>THE PETITION CONTAINS UNEXHAUSTED CLAIMS<br>AND THUS IS PROCEDURALLY BARRED</u>

25.  Petitioner's first state petition for the Writ of Habeas Corpus was reviewed in full by the New Mexico Supreme Court and thus was fully exhausted and denied on the merits.

26.  However, Petitioner's second state petition for the Writ of Habeas Corpus, which raised twelve new or re-worded claims, was not reviewed in full by the state appellate court.  As explained in Paragraphs 14 and 16 of this Recommended Findings and Recommended Disposition, some, but not all of Petitioner's twelve claims from the second state petition were submitted for review to the New Mexico Supreme Court.  Claims listed as (b), (g), (h), (i), (j), and (k) were presented to the state appellate court and are thus exhausted.  But claims listed as (a), (c), (d), (e), (f), and (l) were not presented for appellate review and are thus unexhausted.

27.  The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) states that an application for the Writ of Habeas Corpus for a person in custody pursuant to a judgment of a state court will not be granted "unless it appears that – (A)  the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254 (B)(I).

28.  The doctrine of the exhaustion of state remedies requires that a state prisoner who seeks a petition for the Writ of Habeas Corpus in federal court first adequately present all his claims to the state courts below.  The purpose of the exhaustion requirement is to allow the state

10

courts a meaningful opportunity to consider allegations of legal error without interference from the federal courts.  Vasquez v. Hillary, 474 U.S. 254, 257 (1986) (quoting Picard v. Connor, 404 U.S. 270, 275-76 (1971).

29. Federal habeas review of Petitioner's claims is barred when the Petition contains unexhausted claims unless the prisoner can demonstrate: 1) cause for the default and actual prejudice as a result of the alleged violation of federal law; or 2) that failure to consider the claims will result in a fundamental miscarriage of justice.  Watson v. State of New Mexico, 45 F.3d 385, 388 (10th Cir. 1995), quoting Coleman v. Thompson, 501 US 722, 750 (1991).

30.  Cause must be some external factor that impeded Petitioner's ability to present all of his claims to the Supreme Court of New Mexico.  Basic ignorance of the law is not an external factor. Watson, supra, at 388.   Since Petitioner has not brought forth any external factors that prevented him from fully presenting his claims in his second state petition to the state appellate court, the Court finds that Petitioner has not demonstrated cause.

31.  The Court also finds that the failure to consider Petitioner's claims raised in his federal petition for habeas corpus will not result in a fundamental miscarriage of justice.  Careful examination of the unexhausted claims (as well as the exhausted claims) leads the Court to the conclusion that the claims are re-statements of Petitioner's direct appeal (insufficient evidence to support his conviction), his motion for a new jury (alleged juror bias as brought forth by an alternate juror whose testimony was received by the trial judge and found insufficient to prove jury bias), or a mis-statement of the laws or facts (trial judge did disclose to attorneys her acquaintance with the deceased; case was not a capital murder trial).

32.  The fundamental miscarriage of justice exception to the procedural bar is designed to

11

allow courts to consider the Writ when a prisoner has made a showing that he is actually innocent. Bousley v. United States, 523 U.S. 614, 623-624 (1998).  In this case, Petitioner's primary argument presented to this Court (although wrapped up in different language alleging various violations by the prosecutor and the trial judge) is that the evidence was legally insufficient to uphold his jury conviction of depraved mind murder.  Petitioner does not argue that he was innocent of the crime; he argues, as he did to the New Mexico Supreme Court, that he should have been charged with (and by implication convicted of) the lesser crime of vehicular manslaughter rather than the crime of depraved mind murder.  Petitioner has not made a showing of actual innocence and is therefore not entitled to he fundamental miscarriage of justice exception.  Id., at 623.

CONCLUSION

The Court recommends that the Petitioner's Application for a Writ of Habeas Corpus be DENIED because the Petition is time-barred by the AEDPA .  The Court further recommends that the Respondent's Motion to Dismiss the Petitioner's Application be GRANTED.  In the alternative, the Court recommends that the Petitioner's Application for a Writ of Habeas Corpus be DENIED because it is procedurally defaulted.

NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United

12

States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636

(b)(1).  A party must file any objections within the ten (10) day period allowed if that party wants

to have appellate review of the proposed findings and recommendations.  If no objections are

filed, no appellate review will be allowed.

ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE